## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

---

|  |  |  |
|---|---|---|
| (1) EXPRESS SERVICES, INC. and (2) TRIANGLE STAFFING, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. _____ |
| v. | ) ) | **DEMAND FOR JURY TRIAL** |
| (1) NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. and (2) AMERICAN HOME ASSURANCE COMPANY, | ) ) ) ) ) | |
| Defendants. | ) ) | |

---

### COMPLAINT

Plaintiffs Express Services, Inc. ("Express Services") and Triangle Staffing, LLC ("Triangle Staffing"), through undersigned counsel, and for their Complaint against Defendants National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") and American Home Assurance Company ("American Home") allege as follows with knowledge as to their own acts and on information and belief as to acts of all others:

### NATURE OF ACTION

1.      By this action, Express Services and Triangle Staffing seek to establish their rights to insurance coverage: (a) under a Directors and Officers insurance policy issued to Express Services by National Union and under a Personnel Consultants' Errors and Omissions policy issued to Triangle Staffing by American Home with respect to amounts incurred in connection with claims against Express Services and others, previously pending in Mississippi federal court; and (b) under the same Directors and Officers insurance policy issued to Express

Services by National Union with respect to amounts incurred by Express Services in response to claims brought against it and others by an Express Services shareholder.

## THE PARTIES

2.       Express Services is a Colorado corporation with its principal place of business in Oklahoma City, Oklahoma.

3.       Triangle Staffing is a limited liability company created and organized under the laws of Mississippi.  The sole member of Triangle Staffing is an individual who is a citizen of Mississippi.

4.       National Union is a Pennsylvania corporation with its principal place of business in New York, New York.

5.       American Home is an insurance company organized under the laws of the state of New York with its principal place of business in New York, New York.

## JURISDICTION AND VENUE

6.       This Court has jurisdiction over this cause of action pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.       Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that, among other things, a substantial part of the events or omissions giving rise to the causes of action asserted herein took place in this judicial district.  Venue also is proper in this Court pursuant to 28 U.S.C. § 1391 insofar as National Union and American Home do substantial business and are subject to personal jurisdiction in this judicial district.

## THE INSURANCE POLICIES

### I.       The National Union D&O Policy

8.       National Union issued to Express Services a Directors, Officers and Private

Company Liability Insurance Policy bearing Policy Number 01-274-26-16 (the "National Union D&O Policy") with an initial policy period from October 1, 2008 to October 1, 2009 (the "National Union D&O Policy Period") and an aggregate liability limit of $2 million. A true and correct copy of the National Union D&O Policy is attached hereto as Exhibit 1.

9.     The insuring agreements of the National Union D&O Policy provide, in relevant part, that National Union:

(a)     "shall pay the Loss of each and every Director, Officer or Employee of the Company arising from a Claim first made against such Insureds during the Policy Period ... for any actual or alleged Wrongful Act in their respective capacities as Directors, Officers or Employees of the Company except when and to the extent that the Company has indemnified such Insureds";

(b)     "shall pay the Loss of the Company arising from a: (i) Claim first made against the Company, or (ii) Claim first made against an Individual Insured, during the Policy Period ... for any actual or alleged Wrongful Act, but, in the case of (ii) above, only when and to the extent that the Company has indemnified the Individual Insured..."; and

(c)     "shall pay the Costs of Investigation of the Company arising from an [sic] Company Shareholder Derivative Investigation first made by the Company against one or more of its Executives during the Policy Period ... for any actual or alleged Wrongful Act in their respective capacities as Executives of the Company."

10.    The National Union D&O Policy defines the term "Loss" to include, among other things, "Defense Costs," which are defined by the National Union D&O Policy to include

"reasonable and necessary fees, costs and expenses consented to by the Insurer ... resulting solely from the investigation, adjustment, defense and appeal of a Claim against the Insureds." The National Union D&O Policy requires that National Union "advance ... Defense Costs prior to the final disposition of a Claim."

11.     The term "Loss" in the National Union D&O Policy is also defined to include "Costs of Investigation," which are defined by the National Union D&O Policy to include "reasonable and necessary costs, charges, fees and expenses ... incurred by the Company ... incurred solely in connection with a Company Shareholder Derivative Investigation." A "Company Shareholder Derivative Investigation" is defined by the National Union D&O Policy, in relevant part, as "the investigation by the Company ... as to whether or not the Company should commence a civil proceeding in a court of law against one or more Executive [sic] of such Company in direct response to a written demand by one or more shareholders of a Company."

12.     The National Union D&O Policy defines as "Insured" an "Individual Insured" and the "Company."

13.     Express Services and each of its subsidiaries are the "Company" as that term is defined by the National Union D&O Policy.

14.     The National Union D&O Policy defines the terms "Individual Insured" and "Executive," in relevant part, as "any past, present or future duly elected or appointed directors, officers, management committee members or members of the Board of Managers of the Company, but only in their capacities as such."

15.     The National Union D&O Policy defines the term "Claim" to include, in relevant part:  (1) "a written demand for monetary or non-monetary relief..."; (2) "a civil, criminal,

administrative, regulatory or arbitration proceeding for monetary, non-monetary or injunctive relief which is commenced by: (i) service of a complaint or similar pleading…"; or (3) "any Company Shareholder Derivative Investigation."

16.     The National Union D&O Policy defines "Wrongful Act" to include "any breach of duty, neglect, error, misstatement, misleading statement, omission or act …" by an "Individual Insured" or by the "Company."

17.     Pursuant to the "Notice/Claim Reporting Provisions" of the National Union D&O Policy: "If written notice of a Claim has been given to the Insurer … then any Claim which is subsequently made against the Insureds and reported to the Insurer alleging a Related Wrongful Act to the Claim for which such notice has been given shall be considered made at the time such notice was given."

18.     The National Union D&O Policy defines "Related Wrongful Act" to include "Wrongful Acts which are the same, related or continuous, or Wrongful Acts which arise from a common nucleus of facts.  Claims can allege Related Wrongful Acts regardless of whether such Claims involve the same or different claimants, Insureds or legal causes of action."

**II.     The American Home Policy**

19.     American Home issued to Triangle Staffing a Personnel Consultants' Errors and Omissions Policy bearing Policy Number EAL 6739193 (the "American Home Policy") with an initial policy period from May 5, 2008 to May 5, 2009 (the "American Home Policy Period") and an aggregate liability limit of $1 million.  A true and correct copy of the American Home Policy is attached hereto as Exhibit 2.

20.     The insuring agreements of the American Home Policy provide, in relevant part, that American Home will:

(a)     "pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages resulting from any wrongful act of the Insured, or of any other person for whose actions the Insured is legally responsible, but only if such wrongful act occurs during the Policy Period and arises out of the conduct of the Insured's business as a Private Personnel Placement Service"; and

(b)     "pay on behalf of the Insured all sum which the Insured shall become legally obligated to pay as damages because of injury (herein called personal injury) sustained by any person or organization, but only if such personal injury first occurs during the Policy Period and arises out of one or more of the following offenses committed in the conduct of the Insured's business as a Private Personnel Placement Service as herein defined.

…

Group B – the publication or utterance of a libel or slander or of other defamatory or disparaging material …"

21.     The American Home Policy defines the term "Private Personnel Placement Service" to mean "a service performed for others for a fee with the intent of leading a person to employment or an employer to a person seeking employment."

22.     The American Home Policy defines the term "Wrongful Act" to mean "any breach of duty, neglect, error, misstatement, misleading, statement or omission."

23.     Pursuant to the American Home Policy, American Home agreed to:

(a)     "defend any action or suit brought against the Insured alleging such wrongful act or personal injury, even if such action or suit is groundless, false or fraudulent"; and

(b)     "pay all expenses incurred by the Company in any action or suit brought against the Insured alleging such wrongful act or personal injury…."

## THE UNDERLYING ACTIONS

I.     **The Davidson Action**

24.     In August 2009, during the National Union D&O Policy Period, a class action complaint was filed against certain alleged subsidiaries of Express Services in the United States District Court for the Northern District of Mississippi, captioned *Cannon v. Express Employment Professionals, Inc., et al.*, Cause No. 1:09-cv-00198-WAP-JAD (the "Cannon Action.")  Among other things, plaintiffs in the Cannon Action alleged that: (i) they were former employees of defendants that were laid off during the American Home Policy Period; and (ii) during the American Home Policy Period, defendants made misstatements to the Mississippi Employment Security Commission that had resulted in damages to the former employees.

25.     Express Services timely notified American Home and National Union of the claims made in the Cannon Action.

26.     In December 2009, 124 individually named plaintiffs filed a complaint in Mississippi state court against Express Services, Triangle Staffing and others (collectively, the "Davidson Defendants").  In January 2010, the action, *Willie Mae Davidson, et al. v. Express Services, Inc., et al.,* Civil Action No. 1:10cv013-A-D, was removed to the United States District Court for the Northern District of Mississippi (the "Davidson Action").

27.     Among other things, plaintiffs in the Davidson Action alleged that: (i) they were former employees of defendants that were laid off in or about September 2008; (ii) in January

2009, during the American Home Policy Period, defendants made misstatements to the plaintiffs and to the Mississippi Department of Employment Security that had resulted in damages to the former employees; and (iii) such misstatements included false and defamatory statements concerning the plaintiffs.

28.    The Cannon Action and the Davidson Action allege "Related Wrongful Acts," as that term is defined in the National Union D&O Policy.

29.    In July 2011, the court granted the Davidson Defendants' motion for summary judgment with respect to the claims asserted by twenty-three (23) of the plaintiffs.  In September 2011, the Davidson Defendants settled with the remaining one-hundred-and-one (101) plaintiffs.

30.    American Home tendered a portion of the Davidson Settlement, but has failed to pay all defense costs incurred as a result of the Davidson Action.

31.    National Union has refused to pay any amounts incurred as a result of the Davidson Action.

## II.    The Stoller Underlying Matters

32.    On or about August 3, 2009, William H. Stoller ("Stoller"), a 50% shareholder of Express Services, sent a shareholder demand letter (the "Shareholder Demand") to the persons listed on Express Services' website as members of Express Services' board of directors.

33.    The Shareholder Demand alleged, among other things, that Robert A. Funk ("Funk"), the other 50% shareholder of Express Services, as well as its chief executive officer and chairman, had committed a number of wrongful acts in connection with the operation of Express Services' business and demanded that Express Services investigate Stoller's allegations and take action against Funk in response.

34.    Express Services hired and paid the law firm of Crowe & Dunlevy to investigate the issues raised by Stoller in the Shareholder Demand.

35.     On or about June 18, 2010, Stoller filed a complaint against Funk, Express Services and others, including Robert E. Fellinger ("Fellinger") and Jeri Craig ("Craig"), in the United States District Court for the Western District of Oklahoma, captioned *Stoller v. Funk, et al.*, Case No. 5:10-cv-00634-C (the "Stoller Action I"). The Stoller Action I alleged various acts of wrongdoing in connection with the operation of Express Services' business. On or about October 12, 2010, the Stoller Action I was dismissed without prejudice to allow Crowe & Dunlevy to complete its investigation in connection with the Shareholder Demand.

36.     Funk, Fellinger and Craig are each "Individual Insureds" and "Executives" as those terms are defined in the National Union D&O Policy.

37.     On or about March 15, 2011, Stoller filed an action against Funk in the Western District of Oklahoma, captioned *Stoller v. Funk, et al.*, Case No. 5:11-cv-00294-C (the "Stoller Action II"). The Stoller Action II alleges various acts of wrongdoing in connection with the operations of Express Services' business.

38.     On or about October 11, 2011, Stoller filed a third action against Funk, Express Services and others, including Fellinger and Craig, in the United States District Court for the Western District of Oklahoma, captioned *Stoller v. Funk, et al.*, Case No. 5:11-cv-01144-C (the "Stoller Action III"). The Stoller Action III alleges various acts of wrongdoing in connection with the operation of Express Services' business. The Stoller Action I, the Stoller Action II, and the Stoller Action III are collectively referred to hereinafter as the "Stoller Underlying Actions."

39.     Express Services has retained counsel to defend and protect its interests against the Stoller Action I and the Stoller Action III.

40.     Funk has retained counsel to defend and protect his interests against the Stoller Underlying Actions.

41.     Fellinger and Craig have also retained counsel to defend and protect their interests against the Stoller Action I and the Stoller Action III.

42.     The Stoller Underlying Actions and the Shareholder Demand are collectively referred to herein as the "Stoller Underlying Matters."

## THE DEFENDANTS' WRONGFUL DENIALS OF COVERAGE

### I.     American Home Has Failed to Pay All Defense Costs for the Davidson Action

43.     American Home's payment of a portion of the Davidson Settlement reflects American Home's recognition that the Davidson Action alleges one or more Wrongful Acts (as that term is defined in the American Home Policy) that occurred during the American Home Policy Period arising out of the conduct of Triangle Staffing's business as a Private Personnel Placement Service.

44.     Although American Home ultimately tendered a portion of the Davidson Settlement, American Home refused to defend Triangle Staffing during the pendency of the Davidson Action.

45.     Due to American Home's wrongful refusal to defend the Davidson Action, Triangle Staffing was forced to pay approximately $500,000.00 in reasonable and necessary defense fees and costs in connection with the defense of the Davidson Action.   To date, American Home has offered only approximately $270,000.00 in payment of defense costs for the Davidson Action.

46.     Triangle Staffing has satisfied its obligations under the American Home Policy, including but not limited to the payment of premiums, timely notice, and payment of any required retention, except insofar as performance of such obligations has been excused and/or waived by American Home or is otherwise subject to avoidance by operation of law.

**II.      National Union Wrongfully Denied Coverage for the Davidson Action**

47.     The Claims made in the Cannon Action during the National Union D&O Policy Period arise from Wrongful Acts as that term is defined in the National Union D&O Policy.  The Claims alleged in the Davidson Action are the same as, related to, and/or arise from the same common nucleus of facts as the Claims alleged in the Cannon Action.

48.     Express Services gave timely notice of the Davidson Action to National Union.

49.     The Davidson Action constitutes a Claim against an Insured based on alleged Related Wrongful Acts, as those terms are defined in the National Union D&O Policy.

50.     To date, National Union has failed and refused to indemnify Express Services for the remaining amount of the Davidson Settlement not paid by American Home.

51.     Express Services has satisfied its obligations under the National Union D&O Policy, including but not limited to the payment of premiums, timely notice, and payment of any required retention, except insofar as performance of such obligations has been excused and/or waived by National Union or is otherwise subject to avoidance by operation of law.

**III.     National Union Wrongfully Denied Coverage for the Stoller Underlying Matters**

52.     The Stoller Underlying Matters constitute a Claim or Claims first made during the National Union D&O Policy Period against one or more Insureds based on alleged Wrongful Acts or Related Wrongful Acts.

53.     Express Services gave timely notice of the Stoller Underlying Matters to National Union.

54.     National Union wrongfully refused to advance and/or pay the Defense Costs incurred by Express Services, Funk, Fellinger and/or Craig in connection with the defense and/or investigation of the Stoller Underlying Matters and instead denied coverage for such costs.

55.    As a result of National Union's wrongful denial, Express Services has advanced certain Defense Costs incurred by Funk, Fellinger and Craig.

56.    Express Services also retained and paid fees to its own counsel in connection with the Stoller Underlying Matters.

57.    Due to National Union's wrongful refusal to advance or otherwise pay the defense costs incurred in connection with the defense of the Stoller Underlying Matters, Express Services has been forced to pay and/or advance substantial reasonable and necessary Defense Costs to date in connection with the defense of the Stoller Underlying Matters.

58.    Express Services has satisfied its obligations under the National Union D&O Policy, including but not limited to the payment of premiums, timely notice, and payment of any required retention, except insofar as performance of such obligations has been excused and/or waived by National Union or is otherwise subject to avoidance by operation of law.

<u>COUNT I</u>
<u>(BREACH OF CONTRACT AGAINST NATIONAL UNION – DAVIDSON ACTION)</u>

59.    Plaintiffs incorporate by reference and reallege paragraphs 1 through 58 of this Complaint as if set forth fully herein.

60.    Pursuant to the National Union D&O Policy, National Union is required to indemnify Express Services for the Davidson Settlement.

61.    National Union has breached its contractual obligations by virtue of its failure to pay such settlement amount.

62.    As a direct and proximate result of National Union's breach, National Union has been denied the benefits of the insurance coverage that it purchased pursuant to the National Union D&O Policy and has incurred damages.

## COUNT II
## (BREACH OF CONTRACT AGAINST AMERICAN HOME – DAVIDSON ACTION)

63.     Plaintiffs incorporate by reference and reallege paragraphs 1 through 58 of this Complaint as if set forth fully herein.

64.     Pursuant to the American Home Policy, American Home was required to defend Triangle Staffing in connection with the Davidson Action.

65.     American Home has breached its contractual obligations by virtue of its failure to defend Triangle Staffing in connection with the Davidson Action.

66.     As a direct and proximate result of American Home's breach, Triangle Staffing has been denied the benefits of the insurance coverage that it purchased pursuant to the American Home Policy and has incurred damages in an amount exceeding $500,000.00.

## COUNT III
## (BREACH OF CONTRACT AGAINST NATIONAL UNION –
## STOLLER UNDERLYING MATTERS)

67.     Plaintiffs incorporate by reference and reallege paragraphs 1 through 58 of this Complaint as if set forth fully herein.

68.     Pursuant to the National Union D&O Policy, National Union is required to advance the defense costs incurred in connection with the defense of the Stoller Underlying Matters.

69.     National Union has breached its contractual obligations by virtue of its failure to advance such Defense Costs.

70.     As a direct and proximate result of National Union's breach, Express Services has been denied the benefits of the insurance coverage that it purchased pursuant to the National Union D&O Policy and has incurred substantial damages.

## COUNT IV
## (DECLARATORY JUDGMENT AGAINST NATIONAL UNION – STOLLER UNDERLYING MATTERS

71.     Plaintiffs incorporate by reference and reallege paragraphs 1 through 58 of this Complaint as if set forth fully herein.

72.     Express Services contends that National Union must advance and/or pay defense costs to be incurred in connection with the defense of the Stoller Underlying Matters.

73.     Although Express Services has notified National Union of the Stoller Underlying Matters, National Union has disputed its obligation to advance defense costs and to date has refused to advance or pay any defense costs in connection with the Stoller Underlying Matters.

74.     An actual, present and justiciable controversy therefore has arisen and exists between Express Services and National Union regarding their respective rights and duties under the National Union D&O Policy.

75.     Express Services seeks and is entitled to a declaration that National Union has a duty to advance or pay defense costs incurred in connection with the Stoller Underlying Matters.

### PRAYER FOR RELIEF

WHEREFORE, Express Services respectfully prays that this Court:

A.     Award Express Services actual damages sustained as a result of National Union's breaches of the National Union D&O Policy;

B.     Award Triangle Staffing actual damages sustained as a result of American Home's breaches of the American Home Policy;

C.     Declare that National Union has a duty to advance or pay costs incurred in connection with the defense of the Stoller Underlying Matters;

D.     Award Express Services and Triangle Staffing their attorneys' fees and costs incurred in this action in an amount to be proven at trial;

E.     Award Express Services and Triangle Staffing prejudgment and post-judgment interest on their damages in the full amount permitted by law; and

F.     Award Express Services and Triangle Staffing such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Express Services and Triangle Staffing hereby demand trial by jury as to all issues in this action so triable.

Dated: February 27, 2012

Respectfully submitted,

s/*Robert W. Dace*
Robert W. Dace, OBA # 10263
McAfee & Taft A Professional Corporation
Tenth Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, OK  73102
Telephone:    (405) 235-9621
Facsimile:    (405) 235-0439
Email:  bob.dace@mcafeetaft.com

**ATTORNEYS FOR PLAINTIFFS**
**EXPRESS SERVICES, INC. AND**
**TRIANGLE STAFFING, LLC**

*Of Counsel*:
Carolyn H. Rosenberg
Thomas A. Marrinson
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, IL  60606-7507
Telephone:  312.207.1000
Facsimile:  312.207.6400